UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LYDIA ANDERSON,

          Plaintiff,

v.

WELLS FARGO BANK, N.A. and
PHH MORTGAGE SERVICES,

          Defendants.

Civil Action No. 23-00811 (JXN) (AME)

<u>OPINION</u>

<u>NEALS</u>, District Judge

    This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 11.) *Pro Se* Plaintiff Lydia Anderson ("Anderson" or "Plaintiff") filed a May 24, 2023 letter and supporting documents (ECF No. 12), which this Court will consider in opposition to Defendant's motion. Defendant filed a reply in further support. (ECF No. 13.) The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Wells Fargo's motion is **GRANTED.**

    **I.**    **BACKGROUND**

    This matter arises from a foreclosure action that Defendant instituted against Plaintiff in New Jersey state court involving the residential property located at 18 South Stanley Road, South Orange, New Jersey 07079 (the "Property"). (Compl. at 3, ECF No. 1; Def. Wells Fargo Br., ECF No. 11 at 7.) The Property was the subject of two foreclosure actions in the New Jersey Superior Court under Docket Nos. SWC-F-025854-16 (the "First Foreclosure Action") and SWC-F-

023743-17 (the "Second Foreclosure Action"). (Def. Wells Fargo Br. at 7.) Wells Fargo filed the First Foreclosure Action on September 20, 2016. (Compl. at 3.) On July 13, 2017, Wells Fargo voluntarily dismissed the First Foreclosure Action. (Def. Wells Fargo Br., Certification of Greyson K. Van Dyke, Esq. ("Van Dyke Cert."), Ex. D, ECF No. 11-3.)

The Second Foreclosure Action against Anderson was filed on October 18, 2017. (Van Dyke Cert., Ex. A.) On March 1, 2019, the state court entered summary judgment in favor of Wells Fargo. (Van Dyke Cert., Ex. E.) Final Judgment and the Writ of Execution were subsequently entered in favor of Wells Fargo on October 1, 2019. (Van Dyke Cert., Ex F.) Anderson unsuccessfully challenged the Final Judgement.  (*See* Van Dyke Cert., Exs. E, G-J.) On January 5, 2023, the state court issued a Writ of Possession against Anderson.

On March 1, 2019, the state court granted Wells Fargo's motion for summary judgment. (Compl. at 5; Van Dyke Cert., Ex. E.) On October 1, 2019, the Court issued a Final Judgment against Anderson. (*See* Van Dyke Cert., Ex. F.) Anderson challenged the Final Judgment. (*See id.*, Ex. G.) Anderson filed the following motions: (1) for reconsideration, (2) to vacate final judgment, and (3) to stay the sale of the Property. (*Id.*, Ex. E.) Each of Anderson's motions was denied by the state court. (*Id.*, Ex. G-J.) On January 5, 2023, the State Court issued a Writ of Possession. (*Id.*, Ex. K.) An eviction was scheduled for April 27, 2023. (*Id.*, Ex. L.)

On February 10, 2023, Anderson filed this federal civil action against Wells Fargo and PHH Mortgage Services ("PHH")[1]. (*See generally* Compl.) In the Complaint, Plaintiff appears to challenge the Second Foreclosure Action. (Compl. at 3-7.) Plaintiff alleges that the state foreclosure action was "wrongful," which resulted in Plaintiff suffering from depression, mental anguish, headaches, sleepless nights, panic attacks, etc." (Compl. at 7.)

---

[1] Proof of service has never been filed with the Court as to Defendant PHH.

Plaintiff seeks "monetary compensation" and requests this Court to "stay the present foreclosure on Plaintiff's property." (Compl. at 7.) 0020

On March 27, 2023, Wells Fargo filed the instant motion to dismiss, arguing that Anderson's Complaint should be dismissed for lack of subject matter jurisdiction, pursuant to 12(b)(1) or for failure to state a claim upon which relief can be granted, pursuant to 12(b)(6). (*see generally* ECF No. 11-1). Anderson filed a letter and other documents which the Court construes as an opposition to the motion. (ECF No. 12). Wells Fargo replied in further support. (ECF No. 13). The matter is ripe for consideration.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(1) Jurisdictional Challenge

In deciding a motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. *Harrell v. Wells Fargo Bank, N.A.*, No. CV 19-01417 (JMV), 2019 WL 7207490, at *5 (D.N.J. Dec. 27, 2019). A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund,* 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angle's List, Inc.,* 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010)

(quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove that the Court has jurisdiction. *Id*. (citing *Petruska*, 462 F.3d at 302).

### B. Rule 12(b)(6) Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)). Notwithstanding the Court's liberal interpretation, a complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).

### III. DISCUSSION

In its motion, Defendant asserts that "Plaintiff's Complaint is an improper collateral attack, as she is asking this Court to sit in review of the New Jersey Superior Court's rulings in the Second Foreclosure Action." (Def. Wells Fargo Br. at 2.) Defendant moves to dismiss Plaintiff's claims under two theories: (1) Plaintiff's Complaint is barred by the *Rooker-Feldman* Doctrine, *Colorado River* Abstention Doctrine, Entire Controversy Doctrine, *res judicata*, and collateral estoppel. (*Id.* at 8-16), and (2) Plaintiff fails to state a valid claim for relief under Federal Rule 12(b)(6). (*Id.* at 18-23.) Because the Court concludes it lacks subject matter jurisdiction under Defendant's first theory, it declines to consider Defendant's second theory. As is appropriate on a motion to dismiss, the Court, in part, relies on matters of public record in the underlying state foreclosure action.

#### A. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine precludes this Court from hearing Anderson's claims that directly challenge the State Superior Court's foreclosure action. Accordingly, this Court lacks subject-matter jurisdiction to adjudicate either of the asserted claims in the Complaint.

A federal district court does not sit to hear appeals from state court judgments. *Rooker-Feldman* operates to prevent a disgruntled party in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *See also B.S. v. Somerset County*, 704 F.3d 250 (3d Cir. 2013). To put it another way, *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005).

"The Rooker-Feldman doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (*quoting Lance*

5

*v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). The *Rooker-Feldman* doctrine prevents a suit from going forward in federal court when (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) the judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Requests for federal courts "to overturn or negate [a] Final Foreclosure Judgment issued by [a state court]" are "plainly barred by the *Rooker-Feldman* doctrine." *Pitts v. Bayview Loan Servicing, LLC*, No. 18-cv-633, 2018 WL 6243037, at *4 (D.N.J. Nov. 29, 2018); *see also Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 17-cv-8953, 2018 WL 1128498, at *4 (D.N.J. Mar. 1, 2018) ("In the foreclosure context, the Third Circuit has repeatedly found that *Rooker-Feldman* bars a plaintiff's federal claims seeking redress of a state court foreclosure judgment.") (collecting cases).

Here, all four elements are met. First, Anderson's interest in the Property was extinguished on October 1, 2019, when the state court entered judgment in Well Fargo's favor. (*See* Def. Wells Fargo Br., Ex. F.) Further, Anderson unsuccessfully challenged the judgment Order in state court and it does not appear that she ever filed an appeal with the New Jersey Appellate Division. (Def. Wells Fargo Br., Ex. G-J.) Second, the relief Anderson seeks in this Court relates directly to the Second Foreclosure Action – the injury she complains of is the loss of the Property, as well as the emotional distress caused by the foreclosure proceedings. (*See* Compl., at 7; ECF Nos. 12.) Third, Anderson filed this federal action on February 10, 2023, approximately four years after the state court's judgment. Thus, the state court judgment was clearly issued before Anderson filed this suit. (*See* Def. Wells Fargo Br., Ex. F; Compl.) Fourth, Anderson asks this Court to stay the foreclosure on the Property "pending the outcome of [her] [C]omplaint before this Court regarding

6

this wrongful foreclosure." (Compl. at 7.) Consequently, the Court concludes that Plaintiff's claims for Wrongful Foreclosure and IIED are barred under Rooker–Feldman because they are "inextricably intertwined" with the state court's grant of summary judgment in favor of Defendant. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (holding that *Rooker-Feldman* barred the district court from hearing claims that would negate a state court judgment in foreclosure action); *Francis v. TD Bank, N.A.*, 2013 WL 4675398, at *4 (D.N.J. Aug. 30, 2013), *aff'd*, 597 F. App'x 58 (3d Cir. 2014) (holding that when a federal court's ruling "would effectively overturn the state court's determination that [a] foreclosure could proceed," the plaintiff's claims are so "inextricably intertwined with the state court's grant of summary judgment" that they must be dismissed under the *Rooker-Feldman* doctrine). Moreover, to the extent that Plaintiff's claims ask this Court to redress an injury caused by the state-court judgment, the *Rooker–Feldman* Doctrine also bars Plaintiff's claims. *Moncrief v. Chase Manhattan Mortg. Corp.,* 275 F. App'x 149, 152–53 (3d Cir.2008). The *Rooker–Feldman* Doctrine prohibits lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *In re Madera,* 586 F.3d 228, 232 (3d Cir.2009) (internal citation omitted).

Because the Court is divested of subject matter jurisdiction under the *Rooker-Feldman* Doctrine, it will not address Wells Fargo's remaining arguments related to Fed. R. Civ. P. 12(b)(6), the *Colorado River* Abstention Doctrine, Entire Controversy Doctrine, *res judicata*, or collateral estoppel.

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. Because, here, the deficiencies in Plaintiff's Complaint cannot be cured through amended pleadings, the Court finds that any future amendment would be futile.

### B. The Unserved Defendant

With dismissal granted as to Wells Fargo, the only remaining defendant in this matter is PHH. Proof of service has never been filed with the Court as to PHH. Pursuant to Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Thus, the claims against PHH appear ripe for dismissal. *See Tyler v. Cruz*, No. CV152951FLWTJB, 2019 WL 1149780, at *8 (D.N.J. Mar. 13, 2019) (citing *Manuel v. Atkins*, 545 F. App'x 91, 95 (3d Cir. 2013) (quotation and footnote omitted)). Accordingly, the Court orders Anderson to show cause within thirty (30) days why her claims against PHH should not be dismissed for failure to make timely service.

### IV. CONCLUSION

For the reasons set forth above, Wells Fargo's motion to dismiss (ECF No. 11) is **GRANTED**. The Court further finds that any amendment to the Complaint would be futile. Therefore, Anderson's claims against Wells Fargo are **DISMISSED with prejudice**. Anderson shall show cause within thirty (30) days why her claims against PHH Mortgage Services should not be dismissed for failure to effect timely service under Federal Rule of Civil Procedure 4. An appropriate Order accompanies this Opinion.

**Dated**: December 14, 2023

JULIEN XAVIER NEALS
United States District Judge